## N. Y. COMMON PLEAS.

### PEANE BRUMMER agt. JACOB COHEN.

*Insurance (Life) — Endowment policy upon life of husband for benefit of wife — not assignable by her — (Laws of 1840, chap. 2;7).*

A policy of insurance on the life of the husband, taken out in favor of the wife, and payable on his death to her or her personal representatives, if the premiums be paid by the husband, is within the equity of the statute providing for insurance for the benefit of married women on their husband's lives (*Laws of 1840, chap, 277*), and is not assignable.

So, too, an endowment policy on the husband's life, payable on a certain date, to the wife or her personal representatives, is a form of insurance contemplated by the statute, and is unassignable.

*It seems* that it is not necessary that the policy should refer, in terms, to the act of 1840 (*chap. 277*), or to the acts amending it (1858, *chap.* 187; 1862, *chap.* 170 ; 1866, *chap.* 656; 1870, *chap.* 277), nor that the policy should contain provisions for the benefit of the children, in case the wife should not survive her husband.

*Special Term, March,* 1879.

ACTION to compel the reassigment to the plaintiff of a policy of insurance on her husband's life, which policy plaintiff had previously assigned to defendant as collateral security for a loan or loans of money to her said husband.

The policy was issued by the Mutual Life Insurance Company of New York on May 12, 1868, in consideration of $687.30, recited to have been paid by P. B., wife of A. B., and on the annual payment of a like amount on or before May twelve, in each year, during the continuance of the policy, the company assured the life of A. B. for the amount of $10,000, and agreed to pay that sum to the said P. B. or her executors, administrators or assigns, on the 13th day of May, 1883, or should he die previous thereto, in sixty days after due notice and proof of his death, to her or her executors, administrators or assigns.

The premiums were changed from annual to semi-annual payments of $357.40, payable May twelve and November twelve in each year. This change was made on May 11, 1874.

All the premiums were paid by the husband, so far as premiums were paid in cash. At a certain period the dividends which the policy had earned were, by consent of the company, applied to the payment of premiums.

There are children living of the marriage, and such children were in being at the time defendant took the assignment from Mrs. Brummer.

Two questions were litigated at the trial: The assignability of the policy, and whether all the advances intended to be secured by the assignment had been repaid.

*A. Blumenstiel*, for plaintiff.

*David Leventritt*, for defendant.

J. F. DALY, *J.*— If this were an ordinary life policy the case would be free from difficulty. A policy of insurance on the life of the husband, taken out in favor of the wife, and payable on his death to her or her personal representatives, if the premiums be paid by the husband, is within the equity of the statute providing for insurance, for the benefit of married women, of their husband's lives (*Laws of* 1840, *chap.* 277), and is not assignable (*Wilson* agt. *Lawrence*, 13 *Hun*, 238, *affirmed in court of appeals*, 1879). It appears from that decision, not yet reported, that it is not necessary that the policy should refer in terms to the act of 1840 (*chapter* 277), or to the acts amending it (1858, *chap.* 187; 1862, *chap.* 170; 1866, *chap.* 656; 1870, *chap.* 277), nor that the policy should contain provisions for the benefit of the children in case the wife should not survive her husband (*Eade* agt. *Slimnon*, 26 *N. Y.*, 9; *Barry* agt. *Blune*, 59 *N. Y.*, 587).

It only remains to consider whether an endowment policy on the husband's life, payable on a certain date or upon his

death before that date, to the wife or her personal representatives is necessarily a form of insurance not contemplated by the statute. The act of 1840 intended to secure a provision for the wife during her widowhood and her orphan children. Any insurance on a husband's life, which created a fund for the wife, free from his debts, although procured by premiums paid from his property, may be regarded as such a provision. It is hardly within the province of the court to say that the husband and wife are restricted to certain forms of insurance and may not exercise their judgment and discretion in seeking to obtain the benefit of other forms. It may seem to them that an endowment policy, securing to the wife in the old age of the husband a sum which will comfortably maintain her and her children, when his inability to support her and them is impaired and which is also secured to her in case of his death before arriving at the age appointed in the policy, and is also available to her for her widowhood, if he died afterwards — it may seem to them, I repeat, that such a provision is more desirable for many reasons than an ordinary life policy, payable to her after his death and subject to delays and difficulties in collection which might not arise in the case of a policy payable in the lifetime of the assured. The husband might, in other words, be better satisfied if he had the opportunity of ascertaining during his lifetime that the provisions that he intended for his family is, in fact, secured to them.

The danger that the wife, receiving the amount of the policy in her husband's lifetime, may squander it before widowhood and leave herself and children penniless, is not greater than that which arises where she receives the insurance to her own unrestricted use upon his death, or where, in case of her death before him, the amount of the policy passes on his death to her personal representatives, and her children may be left bare if her debts absorb the insurance.

The act of 1840 comtemplates insurance of the husband's life for any " definite period," or for the term of his natural

Brummer agt. Cohen.

life.   If insurance may be effected for a term of years only, resulting in no benefit to the wife if the husband survive the allotted period, it would seem strange that a policy of this character, resulting in direct benefit to her, whether he survive or not, should not be as effectual a provision for her benefit and that of her children.

The decision in *Wilson* agt. *Lawrence* disposes of the objections (urged in view of the previously reported cases), that the policy contained no provision for the children and gave the wife a vested instead of a contingent interest in the fund; also that it does not refer to the act of 1840, in terms.   Whether the insurance in favor of the wife, as a provision under the act of 1840, is a question of fact in every case and does not depend upon the form of the policy, where the premiums are paid by the husband, the presumption should be that the policy is taken out with reference to the act.   The fact, in this case, that the premiums were paid by him and the policy was taken out by him, is evidence that the insurance was obtained with reference to the act ( *Wilson* agt. *Lawrence, supra*), and there is no evidence to the contrary.

I hold, therefore, that the policy is unassignable.   As Mrs. Brummer had children at the time she assigned the policy to the defendant, the enabling act of 1873 (*chapter* 821) does not help the assignment.

Judgment for plaintiff, with costs.